**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of Delaware
                        (State)
Case number (*If known*): _____ Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name an d the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | RAIT Financial Trust |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 23-2919819 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Two Logan Square<br>Number    Street<br>100 N. 18th Street, 23rd Floor<br><br>Philadelphia        PA        19103<br>City              State     ZIP Code<br><br>Philadelphia<br>County | _____<br>Number    Street<br>_____<br>P.O. Box<br>_____<br>City         State     ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>_____<br>Number    Street<br>_____<br>_____<br>City         State     ZIP Code |

5. **Debtor's website** (URL)    www.rait.com

6. **Type of debtor**
☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☒ Other. Specify: Real Estate Investment Trust

---

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 1

**Debtor** RAIT Financial Trust _____ **Case Number** *(if known)* _____
      Name

7. **Describe debtor's business**

    A. *Check one:*
    - [ ] Health Care Business (as defined in 11 U.S.C. § 101(27A))
    - [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    - [ ] Railroad (as defined in 11 U.S.C. § 101(44))
    - [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
    - [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
    - [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
    - [X] None of the above

    B. *Check all that apply:*
    - [ ] Tax-exempt entity (as described in 26 U.S.C. § 501)
    - [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    - [ ] Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
    5259

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    *Check one:*
    - [ ] Chapter 7
    - [ ] Chapter 9
    - [X] Chapter 11. *Check all that apply*:
        - [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
        - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
        - [ ] A plan is being filed with this petition.
        - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
        - [X] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
        - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
    - [ ] Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    - [X] No
    - [ ] Yes  District _____ When ____/____/____ (MM/DD/YY) Case number _____
              District _____ When ____/____/____ (MM/DD/YY) Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    - [ ] No
    - [X] Yes  Debtor See Schedule 1    Relationship _____
               District _____    When ____/____/____ (MM/DD/YY)
               Case number, if known _____

Debtor **RAIT Financial Trust**                                  Case Number *(if known)* _____
           Name

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number       Street
                              _____
                              _____
                              City                                  State    ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
             Contact name   _____
             Phone          _____

---

**Statistical and Administrative Information on a Consolidated Basis**

13. **Debtor's estimation of available funds**

    *Check one:*

    ☒ Funds will be available for distribution to unsecured creditors.

    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    ☐ 1-49              ☐ 1,000-5,000        ☒ 25,001-50,000
    ☐ 50-99             ☐ 5,001-10,000       ☐ 50,001-100,000
    ☐ 100-199           ☐ 10,001-25,000      ☐ More than 100,000
    ☐ 200-999

15. **Estimated assets**

    ☐ $0-$50,000            ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
    ☐ $50,001-$100,000      ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
    ☐ $100,001-$500,000     ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
    ☐ $500,001-$1 million   ☒ $100,000,001-$500 million     ☐ More than $50 billion

---

Debtor  RAIT Financial Trust
Name

Case Number (if known)

**16. Estimated liabilities**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [ ] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [x] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

[x] The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

[x] I have been authorized to file this petition on behalf of the debtor.

[x] I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/30/2019
              MM /DD/ YYYY

X _____   John J. Reyle
Signature of authorized representative of debtor   Printed name

Title  CEO, President and General Counsel

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Patrick A. Jackson
Printed name
Drinker, Biddle & Reath LLP
Firm name
222 Delaware Avenue, Ste. 1410
Address
Wilmington, DE  19801
City, State Zip
(302) 467-4200
Contact phone
Patrick.Jackson@dbr.com
Email address
4976               Delaware
Bar number         State
08/30/2019
Date  MM/DD/YYYY

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of RAIT Financial Trust.

|   | **Debtor** | **Tax ID #** |
|---|---|---|
| 1 | RAIT Financial Trust | 23-2919819 |
| 2 | RAIT Funding, LLC (fka Taberna Funding LLC) | 33-1119983 |
| 3 | RAIT General, Inc. | 23-2919987 |
| 4 | RAIT JV TRS Sub, LLC | 38-4014870 |
| 5 | RAIT JV TRS, LLC | 81-3943190 |
| 6 | RAIT Limited, Inc. | 23-2919773 |
| 7 | Taberna Realty Finance Trust | 20-5753577 |

# **SECRETARY'S CERTIFICATE**

## **August 30, 2019**

The undersigned, Anders Laren, as Secretary of RAIT Financial Trust (the "Company"), hereby certify as follows:

1. I am the duly qualified and elected Secretary of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. On August 29, 2019, the board of trustees of the Company (the "Board") properly convened meeting of the Board in accordance with the applicable bylaws of the Company and duly adopted the resolutions attached hereto as Exhibit A in connection with the bankruptcy filings of the Company and certain of its affiliates (the "Resolutions").

3. Since their adoption and execution, the Resolutions have not been modified, rescinded or amended and are in full force and effect as of the date hereof.

[Signature page follows]

about:blank

WITNESS my hand this 30th day of August, 2019.

By: _____
Anders Laren
Title: Secretary

I, John J. Reyle, Chief Executive Officer of the Company, do hereby certify that Anders Laren is the duly elected and qualified Secretary of the Company and that the signature of Anders Laren set forth above is his true and genuine signature.

IN WITNESS WHEREOF, I have hereunto signed my name this 30th day of August, 2019.

By: _____
John J. Reyle
Title: Chief Executive Officer and Assistant Secretary

<u>EXHIBIT A</u>

Board Resolutions of RAIT Financial Trust

[Attached]

**RAIT FINANCIAL TRUST**
(A Maryland Real Estate Investment Trust)

August 29, 2019

**Bankruptcy Resolutions**

**WHEREAS**, RAIT Financial Trust (the "Company"), with the assistance of its financial and legal advisors, has been conducting a review to consider and evaluate various strategic and financial alternatives, including but not limited to, the sale or divestiture of all or substantially all of the Company's assets, a filing of petitions by the Company and certain of its subsidiaries to be effectuated under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), other restructuring transactions or transactions otherwise designed to address the Company's liquidity constraints that may be available to the Company and its direct and indirect subsidiaries (each such strategic alternative, a "Transaction"); and

**WHEREAS**, the Board of Trustees of the Company (the "Board") has met on numerous occasions to review and has had the opportunity to ask questions and receive answers about and to discuss the materials presented by senior management of the Company and the Company's legal, financial and other advisors regarding the liabilities and liquidity of the Company, the various potential Transactions and the impact of the foregoing on the Company, its creditors, shareholders and other interested parties and its business; and

**WHEREAS**, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties, for the Company and certain of its direct and indirect subsidiaries to file voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed the voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that the Chief Executive Officer and the Chief Financial Officer of the Company (the "Designated Officers") are each hereby severally authorized, directed and empowered, on behalf of and in the name of the Company, to engage and continue to retain the law firm of Drinker Biddle & Reath LLP as restructuring and general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 proceeding, and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed appropriate applications for authority to retain the services of Drinker Biddle & Reath LLP; and it is

**FURTHER RESOLVED**, that the Designated Officers are each hereby authorized and directed to employ accountants, financial advisors, and any other individual and/or firm as professionals or consultants to the Company as are necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, including (a) UBS Securities LLC, as investment banker to the Company, (b) M-III Partners L.P., as restructuring and financial advisors to the Company, (c) Epiq Corporate Restructuring, LLC, as claims and noticing agent and administrative advisor, (d) Ledgewood PC, as tax counsel to the Company, and (e) such additional professionals, including attorneys, accountants, financial advisors, consultants, or brokers as may be necessary or desirable in connection with the Chapter 11 Cases and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of such individuals and/or firms.

**Equity and Asset Purchase Agreement Resolutions**

**WHEREAS**, the Company intends to enter into that certain Equity and Asset Purchase Agreement in the form of the draft dated August 28, 2019 (the "Purchase Agreement") by and among (a) RAIT Financial Trust, RAIT General, Inc., RAIT Limited, Inc., and Taberna Realty Finance Trust (collectively, the "Sellers" and each, a "Seller"); and (b) CF RFP Holdings LLC (the "Buyer"), whereby Buyer intends to acquire, directly or indirectly (including through one or more affiliates of Buyer), from Sellers, the equity interests of certain direct and indirect subsidiaries of the Company and certain other assets of the Sellers as described more fully in the Purchase Agreement (the "Purchased Assets"), and Sellers desire to sell, assign, transfer and convey and deliver the Purchased Assets to Buyer (the "Sale Transaction") on the terms and subject to the conditions set forth in the Purchase Agreement; and

**WHEREAS**, the Board has received a presentation from the Company's outside transactional counsel, Drinker Biddle & Reath LLP, regarding the proposed terms and conditions of the Purchase Agreement and the negotiations that had occurred and been ongoing with respect thereto and from Duane Morris LLP regarding the Board's standard of conduct and fiduciary obligations under Maryland law in connection with the Purchase Agreement and the transactions contemplated thereby, and in each case, the Board participated in a discussion in connection therewith; and

**WHEREAS**, the Board has received a presentation from its restructuring and financial advisor, M-III Partners L.P., and from its investment banker, UBS Securities LLC, which included, among other things, information and analyses regarding (i) the financial terms of the Purchase Agreement, (ii) the Company without entering into the Purchase Agreement, and (iii) other strategic alternatives considered, and the Board participated in a discussion in connection therewith; and

**WHEREAS**, during such presentation to the Board by M-III Partners L.P. and UBS Securities LLC, M-III Partners L.P. and UBS Securities LLC described the proceeds potentially available to the Company's creditors as a result of the transactions contemplated by the Purchase Agreement and compared that to the proceeds that would likely be available as a result of other strategic transactions considered by the Board, including a liquidation of the Company; the Board,

management and the Company's advisors then had a discussion concerning the risks and benefits, as well as contingencies, of the several available alternatives and whether any transactions other than those contemplated by the Purchase Agreement were likely to yield more net proceeds;

**WHEREAS**, based on these presentations and discussions, the Board was advised by its financial advisors that the transactions contemplated by the Purchase Agreement, if effected in accordance with its terms, presented the best alternative reasonably available to maximize the proceeds potentially available to the Company's creditors; and

**WHEREAS**, based on the all the foregoing, in the judgment of the Board, it is desirable and in the best interests of the Company to enter into the Purchase Agreement and to consummate the transactions contemplated therein.

**NOW, THEREFORE, BE IT RESOLVED**, that the Purchase Agreement in the form of the draft dated August 28, 2019, including all exhibits and schedules, is hereby adopted and approved, and the transactions contemplated therein are hereby approved, and the execution and delivery of the Purchase Agreement in the form of the draft dated August 28, 2019 by any Designated Officer in the name of and on behalf of the Company is hereby authorized and approved, with such changes as the Designated Officer or Designated Officers executing the same shall approve, the execution of such agreement by any such officer to be conclusive evidence of such approval; and it is

**FURTHER RESOLVED**, that the Designated Officers are each hereby authorized, directed and empowered, on behalf of and in the name of the Company to make any filing or take any action required or advisable in connection with the transactions contemplated by the Purchase Agreement relating to (a) compliance with all applicable requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, (b) compliance with all applicable requirements of any applicable foreign, federal or state securities or blue sky laws, and (c) compliance with all other applicable foreign, federal, state and local legal requirements (collectively, the "Required Filings"); to execute personally or by attorney-in-fact such Required Filings, to file or cause to be filed and thereafter to execute personally or by attorney-in-fact and to file or cause to be filed any such Required Filings or amendments or supplements to any of the foregoing and to cause such Required Filings and any amendments thereto to become effective or otherwise be approved; and it is

**FURTHER RESOLVED**, that the form of any resolutions required to be filed in connection with any such consents or Required Filings shall be deemed to be adopted by the Board with the same force and effect as if presented at this meeting if (a) in the opinion of any Designated Officer, the adoption of such resolutions is necessary or advisable and (b) the Secretary of the Company evidences such adoption by inserting in the minutes of this meeting copies of such resolutions; and it is

**FURTHER RESOLVED**, that each Designated Officer is hereby authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute, deliver and undertake any and all transactions contemplated by the Purchase Agreement, (ii) to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Purchase Agreement and the restructuring transactions contemplated therein, which any such

officer determines, in his or her discretion, to be necessary, proper or advisable to perform any obligations of the Company under or in connection with the Purchase Agreement and the transactions contemplated therein, and (iii) to amend, extend, supplement or otherwise modify the Purchase Agreement or any documents, certificates, instruments, agreements, or other writings required by, related to, or reasonably contemplated or implied by the Purchase Agreement.

**Escrow Agreement Resolutions**

**WHEREAS**, in connection with the Sale Transaction, and pursuant to the Purchase Agreement, the Company will be required to enter into an Escrow Agreement by and among the Company, the Buyer, and U.S. Bank National Association (the "Escrow Agreement").

**NOW, THEREFORE, BE IT RESOLVED**, that the Escrow Agreement in the form of the draft dated August 28, 2019, including all exhibits and schedules, is hereby adopted and approved, and the transactions contemplated therein are hereby approved, and the execution and delivery of the Escrow Agreement in the form of the draft dated August 28, 2019 by any Designated Officer in the name of and on behalf of the Company is hereby authorized and approved, with such changes as the Designated Officer or Designated Officers executing the same shall approve, the execution of such agreement by any such officer to be conclusive evidence of such approval; and it is

**FURTHER RESOLVED**, that each Designated Officer is hereby authorized, directed and empowered, on behalf of and in the name of the Company, to enter into and perform the obligations under the Escrow Agreements and such other documents, certificates and instruments required to be executed and delivered by the Company in connection with the Escrow Agreements and the transactions contemplated thereby.

**General**

**NOW, THEREFORE, BE IT RESOLVED**, that the Designated Officers of the Company are hereby each severally authorized and empowered in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to carry out the purposes of these resolutions and to complete the transactions contemplated in the agreements and instruments referred to in the foregoing resolutions, and to execute, file, and deliver all instruments and other documents as any such officer may deem necessary or desirable to carry out the purposes and intent of the agreements and instruments referred to in the foregoing resolutions; and the execution by any such officer of any such act in connection with the foregoing matters shall conclusively establish such officer's authority therefor from the Company and the approval, ratification, and adoption by the Company of the documents so executed and the actions so taken; and it is

**FURTHER RESOLVED**, that the Designated Officers are hereby each severally authorized and empowered in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to undertake, execute, file, implement, and/or deliver the Chapter 11 Cases, the Purchase Agreement, and the Escrow Agreement, and all other instruments and documents contemplated by the foregoing resolutions and to take any and all further action which such Designated Officers may deem necessary or desirable to effectuate any action authorized by these resolutions, and otherwise to carry out the purposes and intent of the foregoing

resolutions, and the execution by any such officer of any such documents or the performance by any such Designated Officer of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefore from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is

**FURTHER RESOLVED**, that the Designated Officers of the Company are hereby each severally authorized for and on behalf of the Company to take any and all action necessary, including the execution of any amendments, documents, instruments or waivers or to obtain any waivers or amendments of any agreements of the Company required by or under any of the Chapter 11 Cases, the Purchase Agreement, or the Escrow Agreement, or any of the transactions contemplated thereby, and any such action shall be binding on the Company without further authorization; and it is

**FURTHER RESOLVED**, that all actions and agreements of the trustees and officers of the Company prior to the date hereof consistent with the purposes and intent of the foregoing resolutions be, and they hereby are, approved, ratified and adopted in all respects as the acts and agreements of the Company.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   RAIT Financial Trust, et al.<br>United States Bankruptcy Court for the:   District of Delaware<br>Case Number (If known): | ☐ Check if this is an amended filing |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>CORPORATE TRUST RELATIONSHIP MANAGER<br>919 NORTH MARKET STREET<br>SUITE 1600, FL 7<br>WILMINGTON, DE  19801 | CONTACT: MOLLY ANN BREFFITT, CCTS<br>PHONE: 302-575-2010<br>FAX: 877-302-6619<br>MOLLY.A.BREFFITT@WELLSFARGO.COM | 7.125% SENIOR UNSECURED NOTES | | | | $66,529,722.00 |
| 2 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>CORPORATE TRUST RELATIONSHIP MANAGER<br>919 NORTH MARKET STREET<br>SUITE 1600, FL 7<br>WILMINGTON, DE  19801 | CONTACT: MOLLY ANN BREFFITT, CCTS<br>PHONE: 302-575-2010<br>FAX: 877-302-6619<br>MOLLY.A.BREFFITT@WELLSFARGO.COM | 7.625% SENIOR UNSECURED NOTES | | | | $56,865,250.00 |
| 3 | THE BANK OF NEW YORK MELLON<br>500 ROSS STREET, 12TH FLOOR<br>PITTSBURGH, PA  15262 | CONTACT: NANCY R. JOHNSON<br>PHONE: 412-236-3139<br>FAX: 412-234-8377<br>NANCY.R.JOHNSON@BNYMELLON.COM | JUNIOR SUBORDINATED NOTE GUARANTY | | | | $25,201,595.00 |
| 4 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>CORPORATE TRUST RELATIONSHIP MANAGER<br>919 NORTH MARKET STREET<br>SUITE 1600, FL 7<br>WILMINGTON, DE  19801 | CONTACT: MOLLY ANN BREFFITT, CCTS<br>PHONE: 302-575-2010<br>FAX: 877-302-6619<br>MOLLY.A.BREFFITT@WELLSFARGO.COM | JUNIOR SUBORDINATED NOTE | U | $18,670,743.00 | UNKNOWN | UNKNOWN |

Official Form 204    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims    Page 1

**Fill in this information to identify the case:**

Debtor name: RAIT Financial Trust

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2019
MM / DD / YYYY

/s/ John J. Reyle
Signature of individual signing on behalf of debtor

John J. Reyle
Printed name

CEO, President and General Counsel
Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAIT FINANCIAL TRUST[1],<br><br>Debtor. | Chapter 11<br><br>Case No. 19-_____(___) |

**CORPORATE OWNERSHIP STATEMENT**

　　Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

To the best of the Debtor's knowledge, information and belief, there is no corporation that owns 10% or more of any class of equity interests of the Debtor.

---

[1]　　The Debtor's address is as follows: Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, PA  19103.

**Fill in this information to identify the case:**

Debtor name: RAIT Financial Trust
United States Bankruptcy Court for the: _____ District of Delaware (State)
Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2019
MM / DD / YYYY

/s/ John J. Reyle
Signature of individual signing on behalf of debtor

John J. Reyle
Printed name

CEO, President and General Counsel
Position or relationship to debtor